## In re MAULE PAVING CO.

(District Court, S. D. Florida. April 8, 1924.)

No. 2683.

1. **Bankrupcty ⬳477—Application for fees of attorney for petitioning creditors held premature.**

Where no showing of estate's value is made, other than what is contained in petition and values placed on assets by bankrupt, application of attorney for petitioning creditors for allowance of attorney's fees *held* premature.

2. **Bankruptcy ⬳477—Fixing fees held judicial question, to be decided on notice.**

Fixing fees is a judicial question, and ordinarily ought not to be decided with no notice to parties interested in estate.

In Bankruptcy. In the matter of the Maule Paving Company, bankrupt. On application of attorneys for petitioning creditors for attorney's fees, etc. No allowance made, except for cost.

Twyman & Scott and H. W. McCay, all of Miami, Fla., for petitioning creditors.

Hudson & Cason, of Miami, Fla., for bankrupt.

CALL, District Judge. This cause comes on for a hearing upon the application of the attorneys for petitioning creditors for allowance of attorney's fees, etc. It appears that the bankrupt's schedules were filed in the clerk's office on March 18, 1924.

The petition for the allowance never appears to have been filed before the referee, but does bear the file mark of the clerk of this court, dated March 24, 1924. The petition for attorney's fees has attached to it the affidavits of two practicing attorneys of this court, taken before a notary public, as to the amount proper in their judgment to be allowed as such fees. An order by the referee is presented, dated March 22, 1924, allowing $3,500 attorney's fees, based upon the petition and affidavits, and it is upon these papers, and one copy of the bankrupt's schedules, approval of this court is asked.

[1] It seems to me that the application is premature, to say the least. No showing of the value of the estate is made, other than what is contained in the petition itself and the values placed upon the assets by the bankrupt. Apparently no appraisement of the estate had been made. The schedules show debts to the amount of—secured, $29,779.95; and unsecured, $171,690.23. The assets are shown of the value of $39,566.47; $32,805.00 machinery. This statement of values seems to have been adopted by the petitioners in their petition. Under the conditions shown, it is my opinion that no allowance for attorney's fees should be made at this time, and for this reason the order of the referee making such allowance is disapproved, except for the amount of $74 for costs advanced.

[2] In this connection it is proper to say that this proceeding seems to have been taken before the referee without notice to the creditors interested in the estate. The question of fixing fees to be paid out of the estate being administered is a judicial question, and ordinarily ought not to be decided with no notice to the parties interested in the estate.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes